STATEMENT
The appellee filed his amended bill of complaint in the Circuit Court of Broward County, Florida, alleging:
 I
That on the 10th day of November, 1922, your orator and the defendant Roy J. Fuller, entered into a partnership agreement with each other, wherein and whereby they associated themselves together as co-partners in the business of buying, selling, renting, holding and otherwise acquiring and disposing of real estate and for the doing of all things proper and incidental to the improvement and development of real estate, under the partnership name of W. B. Pierce and Roy J. Fuller; that among other things, *Page 130 
said partnership agreement provided that the share of each partner in any particular tract of land owned by this partnership should be such fractional part of the whole as the amount of money contributed by him in payment of the purchase price or in improvements made thereon by said partnership bears to the total of the purchase price of such land and improvements made thereon; that the assent of both parties should be had before any land should be bought for said partnership and before any should be sold or before any improvements should be made on any such land; and all payments of money should be made by check and the signatures of both parties should be had upon every check; and that profits and losses in any tract of land owned or held by said partnership should be shared by the parties according to the respective contributions of each to that particular tract; that the business of said partnership should be carried on at Pompano Beach, Florida, or at such other places as the parties should from time to time determine, and that said partnership agreement should become effective as of the first day of November, A.D. 1923; that a true copy of said agreement is annexed to the original bill of complaint herein as exhibit 'A' thereto, as well as to this amended bill, and is hereby made a part of this amended bill as fully as if set out herein.
 II.
That a few days after entering into said partnership agreement your orator left the State of Florida and remained absent from said State continuously until after the occurrence of all things hereinafter complained of, and at the time of the execution of said agreement the said defendant Roy J. Fuller, was fully aware of the fact that your orator intended to so absent himself from the said State of Florida, and that by reason of your orator's said absence he was unable to make any personal investigation with reference *Page 131 
to the price paid for the lands purchased by said partnership as hereinafter mentioned, or with reference to the terms of payment, but depended upon the said Roy J. Fuller for all of such information, all of which was well known to said defendant.
 III.
That the partnership relation created between your orator and said defendant as aforesaid has never been dissolved, and said agreement has ever since its execution remained in full force and effect.
 IV.
That pursuant to the relation created between your orator and the defendant Roy J. Fuller under the said partnership agreement, your orator and said defendant as such co-partners purchased all of the following described lands situate in Broward County, Florida, to-wit:
 Lots one, two, three and four of the subdivision of the south half of the southwest quarter of Section thirty-one, in Township forty-eight south, range forty-three east, containing forty acres, more or less, according to the survey thereof made by Geo. O. Butler, C. E.
That at the time of the purchase of said lands by your orator and said defendant the name of the owner of said lands, and amount and manner of payment of the purchase price therefor, was to your orator unknown, and your orator depended solely upon the said defendant for information as to the amount of the purchase price to be paid by said partnership for said lands, and at the time, and before, your orator assented to the purchase of said lands, the said defendant did represent unto your orator that the cost and purchase price of the whole of said lands would be in the sum of three thousand dollars, plus abstract charges and other costs incident to the purchase of the same, and your *Page 132 
orator, believing said representation to be true and relying upon the same, did on or about the 13th day of January, 1923, contribute and pay to the defendant the sum of seven hundred eighty ($780.00) dollars as your orator's contribution toward the purchase price of said land;
That said land was purchased by said defendant from the defendant, Model Land Company, for and on behalf of said partnership and the sum so contributed by your orator was furnished to said defendant Roy J. Fuller, to be used and expended and was expended by him in purchasing said lands for himself and your orator as such co-partners; and on the 19th day of February, 1923, the said Roy J. Fuller, joined by his wife, Bernese Fuller, made, executed and delivered to your orator a contract on agreement in writing, wherein he agreed to sell and convey to your orator an undivided one-half interest in said lands, for the consideration of $1500.00 payment of seven hundred and fifty dollars of such consideration being in said agreement acknowledged, and said agreement providing that the balance of said consideration should be paid as follows: $375.00 on January 13, 1924, and $375.00 on January 13, 1925. That so far as your orator knows, no deed from any person whomsoever has ever been made or delivered to said defendant to the lands above described, and your orator is without knowledge of, and unable to ascertain, the exact amount of the purchase price which the said Roy J. Fuller paid or agreed to pay for said land; that the record title to said lands is now vested in the defendant Model Land Company, and that both the defendants, Roy J. Fuller and Model Land Company, though requested so to do, refuse to advise or inform your orator of the true consideration and purchase price of said lands, or the manner of payment of same, and your orator believes, and upon information and belief charges, that the actual price paid or agreed to be paid to said Model Land Company Company by said defendant *Page 133 
was a sum greatly less than three thousand dollars, and that the amount and sum contributed and agreed to be paid by your orator as aforesaid on account of the purchase price of said lands is an amount greatly in excess of an amount equal to one-half of the purchase price of said lands paid or agreed to be paid by said Roy J. Fuller to said Model Land Company, and that under the provisions of said partnership agreement under which your orator was induced to contribute toward the purchase of said land, your orator is entitled to an interest in said lands equal to such fractional part of the whole of said land as the amount of money contributed by your orator in payment of the purchase price paid or agreed to be paid by said defendant for the same bears to the total of such purchase price.
 V.
That on the 13th day of January, 1923, your orator further paid to the defendant the sum of Thirteen Hundred Dollars, as and for an undivided one-half interest in the following described land, exclusive of the houses, buildings and other improvements, if any, situate on same, which land is also situate in Broward County, Florida, to-wit:
Lot seven of block thirteen of Pompano Beach, as shown by recorded plat in the office of the Clerk of the Circuit Court for Broward County, Florida, said Pompano Beach being a subdivision of Government lot two, section thirty-one, in township forty-eight south, range forty-three east, and on said date defendant, Roy J. Fuller, joined by his wife, Bernese Fuller, executed and caused to be placed of record and recorded and after the recordation of the same, to be delivered to your orator, a deed of conveyance wherein and whereby, although well knowing that the price and sum paid by your orator as aforesaid, was for an undivided one-half interest in the whole of the lands last *Page 134 
above described, said defendants only conveyed to your orator by said deed an undivided one-half interest in the South One Hundred feet of said lot, and have at all times since refused, and still refuse to convey unto your orator any interest in or to the remainder of said lot. That your orator, when said deed was delivered to him, accepted the same under the belief and upon the representations made to him by the said Roy J. Fuller, at and before the delivery of said deed, that said deed conveyed to your orator an undivided one half interest in the whole of said lot; that your orator was at that time unfamiliar with the exact description of said land, and for that reason did not until recently become aware of the fact that the description contained in said deed was only a description of a small portion of the lands, an undivided one half interest in which the said defendant sold to, and which were purchased by, your orator. That at the time or a short while before, your orator purchased said undivided one half interest in said land, the said defendant pointed out the location and area thereof to your orator and represented and agreed to and with your orator that for the price and sum of money aforesaid he would sell and convey unto your orator in fee simple and undivided one half interest in and to the whole of the lands then owned by defendant in said block, which was the area pointed out to your orator by said defendant as aforesaid, and embraced the whole of said lot seven, which then was and ever since has continued to be owned by said defendant in fee simple, save and except that interest therein which said defendant conveyed and agreed to convey to your orator as aforesaid, and that said defendant still is the owner in fee simple of the whole of the remainder of said lot. That the agreement by said defendant to sell and convey an undivided one half interest in said lot to your orator and the payment by your *Page 135 
orator to said defendant of the purchase price therefor, was for the sole and only purpose of making and causing the fee simple title to said lot to become vested in said partnership and your orator and said defendant equally interested therein; by reason whereof your orator charges that he is the owner in fee simple of an undivided one-half interest in and to the whole of said lot, subject only to the dower rights of the defendant Bernese Fuller, if any, in and to the same and is entitled to have the said defendant ordered and required by the decree of this court to convey the same to your orator, or is entitled to have said defendant ordered and directed to refund to your orator the difference between what your orator actually paid said defendant and the amount your orator actually would have paid defendant for an undivided one half interest in that portion of said property conveyed to him by said defendant, on a basis of the agreed total purchase price for an undivided one half interest in the whole of said lot; to-wit: the sum of $1300.00, together with the lawful interest thereon from the date the same was paid to said defendant by your orator as aforesaid, and your orator prays that the amount thereof may be ascertained and determined herein.
 VI
That pursuant to the relation created between your orator and said defendant, under the said partnership agreement, your orator and said Roy J. Fuller, as such co-partners also purchased all of the following described lands, situate in Broward County, Florida, to-wit:
The N 1/2 of the SE 1/2 of the NE 1/4 and SE 1/4 of SE 1/4 of NE 1/4 of Section thirty-two, and N 1/2 of SW 1/4 of NW 1/4 and SW 1/4 of SW 1/4 of NW 1/4 of Section thirty-three, all in Township forty-eight South, range forty-two east, SW 1/4 of SE 1/4 of NE 1/4 and N 1/2 of NE 1/4 of SE 1/4 of Section *Page 136 
thirty-two, in township forty-eight south, range forty-two east.
That at the time of the purchase of these lands by your orator and said defendant the name of the owner of said lands and the amount and manner of payment of purchase price therefor, was unknown to your orator and your orator depended solely upon the said defendant for information as to the amount of the purchase price to be paid by said partnership for said lands, and at the time, and before, your orator assented to the purchase price of said lands, the said defendant did represent unto your orator that the cost and purchase price of the whole of said lands would be $5275.00 plus abstract charges and other costs incident to the purchase of the same, and your orator, believing said representation to be true and relying upon the same, did at or about the time of the purchase of said lands, contribute and pay to the said defendant various amounts of money aggregating in the whole the sum of $2645.16 as your orator's contribution toward the purchase price of the lands last above described; that said lands were purchased by said defendant from the defendant Model Land Company for and on behalf of said partnership, and the sum so contributed by your orator was furnished to said defendant, Roy J. Fuller, to be used and expended and was expended by him in purchasing said lands for himself and your orator as such co-partners; and on or about the 28th day of April, 1923, the said Roy J. Fuller, joined by his wife, Bernese Fuller, made, executed and delivered to your orator a deed of conveyance, wherein and whereby they conveyed to your orator in fee simple an undivided one-half interest in said lands; that at the time of the purchase of said lands by your orator and said defendant, the fee simple title to the whole of said lands was conveyed by the defendant, Model Land Company, to the defendant *Page 137 
Roy J. Fuller, individually, and that said defendant now is, and ever since the said purchase of said lands and the delivery of said conveyance to your orator has continued to be, vested with the fee simple titles to the remaining undivided one-half interest in said lands; that the consideration paid for said lands as recited in the said conveyance, thereof from the Model Land Company is the sum of $2,796.57, or approximately said amount; that the exact sum paid by your orator, and said defendant to the Model Land Company for said lands is to your orator unknown, and your orator has no means of ascertaining the same; that both the defendants Roy J. Fuller and Model Land Company, though requested so to do, refuse to advise or inform your orator of the true consideration and purchase price paid for said lands, and your orator believes, and upon information and belief charges that the actual price paid to said Model Land Company by said defendant was a sum greatly less that $5275.00 and that the amount and sum contributed and paid by your orator as aforesaid on account of the purchase price of said lands is an amount greatly in excess of an amount equal to one-half of the purchase price of said lands, paid by said Roy J. Fuller to said Model Land Company; and that under the provisions of said partnership agreement under which your orator was induced to contribute toward the purchase of said lands, your orator is entitled to an interest in said lands equal to such fractional part of the whole of said land as the amount of money contributed and paid by your orator in payment of the purchase price bears to the whole of the purchase price paid for said land.
 VII.
That pursuant to the relation created between the parties by the partnership agreement aforesaid, the defendant, *Page 138 
Roy J. Fuller, did, on or about the 28th day of April, 1923, represent to your orator that he had purchased the following described land situate in Broward County, to-wit:
Lots three and four, and lots thirteen and fourteen of block one of Shewmakes Park, according to a plat thereof recorded in the office of the Clerk of the Circuit Court of Broward County, Florida, and had erected thereon a hotel for colored people, and that if your orator was willing for said property to become partnership property under said agreement, he would convey an undivided one-half interest therein to your orator for a consideration of one-half of what the cost of said land was to said defendant, together with the costs of erecting said hotel, which the said defendant then and there represented to your orator to be the sum of Two Thousand Four Hundred Thirteen and 97/100 Dollars, and your orator believing said representations to be true, and acting and relying upon the same, did pay to said defendant the full sum of Twelve Hundred Fifty Dollars, for an undivided one-half interest in said property, which was slightly in excess of one-half of the cost of the same to said defendant as represented by him to your orator, that at the time of this transaction your orator was in the State of Connecticut, and until recently, and long after the close of this transaction between your orator, and said defendant, your orator had not opportunity, to inspect or examine said property, had never seen the same, and depended solely upon the representations and statements of said defendant in the premises; and your orator charges the truth to be that the amount paid by him for an undivided one-half interest in said property was and is greatly in excess of one-half of the value thereof, and was and is greatly in excess of one-half of the actual cost of same to *Page 139 
said defendant, all of which was at all times well known to said defendant. That pursuant to the payment to said defendant by your orator of the said sum of Twelve Hundred Fifty Dollars as aforesaid, said defendant did on the date mentioned sell and convey to your orator an undivided one-half interest in said lands in fee simple, and at all times since has remained, and still is the owner in fee simple of the remaining interest in said lands; and that by reason of the premises, and under the partnership agreement aforesaid, your orator is entitled to have the said defendant joined by his wife, convey and assure to your orator, by a good and sufficient deed, such fractional part of said lands as the amount of money contributed and paid by your orator for the purchase of the same bears to the total cost of said lands and improvements thereon to said defendant, and is entitled to have said defendants disclose herein under oath what the exact cost of said lands and the improvements aforesaid actually were, or is entitled to have the said Roy J. Fuller ordered and directed to refund to your orator the difference between what your orator actually paid said defendant for an undivided one-half interest in said property, and one-half of the actual cost of said land together with the buildings erected thereon, and your orator prays that the amount thereof may be ascertained and determined herein.
 VIII.
That pursuant to the relation created between your orator and the defendant Roy J. Fuller, under the said partnership agreement your orator and said defendant as such copartners also purchased a certain other tract, parcel and piece of land consisting of about fifty-seven and one-half acres, situate, lying and being in Broward County, Florida, which said defendant has represented to your *Page 140 
orator as being more particularly described as follows, to-wit:
The W 1/2 of SE 1/4 of NE 1/4; W 1/2 of SE 1/4 of NE 1/4; W 1/2 of E 1/2 of NE 1/4 of SE 1/4; all that part of W 1/2 of NE 1/4 of SE 1/4 lying north of the center line of the County Road;
All that part of the NW 1/4 of SE 1/4 of SE 1/4 lying north of the center line of the County Road; and all that part of the W 1/2 of NE 1/4 of SE 1/4 of SE 1/4 lying north of the center line of the County Road;
All in Section thirty-four, township forty-eight South, range forty-two east, containing 57 1/2 acres, more or less, situate, lying and being in Broward County, Florida.
That at the time of the purchase of said lands by your orator and said defendant the name of the owner of said lands and the amount and manner of payment of the purchase price therefor was unknown to you orator, and your orator depended solely upon the said defendant for information as to the amount of the purchase price to be paid by said partnership for said land, all of which the defendant well knew, and at the time, and before, your orator assented to the purchase of said land, the said defendant did represent unto your orator that the cost and purchase price of the whole of said land would be the sum of $3,737.50, and your orator, believing said representation to be and relying upon the same did on or about the 15th day of May, 1923, contribute and pay to the said defendant the sum of $1,868.75, as your orator's contribution toward the purchase of said land; that said land was purchased by said defendant from the Model Land Company for and on behalf of said partnership, and the sum so contributed by your orator was furnished to said Roy J. Fuller, to be used and expended (and was expended) by him in purchasing said lands for himself and your orator as such co-partners; *Page 141 
that subsequent to the filing of the original bill of complaint herein said defendant Roy J. Fuller has tendered to your orator a conveyance from said defendant to your orator of an undivided one half interest in said land (but your orator declines to accept same); that the whole of the fee simple title to said land is now and at all times mentioned in this bill has been vested in the defendant Model Land Company, according to the Public Records of said County, and said defendant, Roy J. Fuller is without any recorded title or interest in said land, and if said land has been conveyed to him by said Model Land Company, for some reason, unknown to your orator the said Roy J. Fuller declines to cause such conveyance to be placed of record; that your orator does not know and has not been able to ascertain what sum of money if any, was paid by said partnership or by the said Roy J. Fuller, to the said Model Land Company for said land, and that both of said defendants refuse to advise or inform your orator what the true consideration, or purchase price of said land is, or the manner in which the same is to be paid (if not wholly paid in cash); and your orator further charges that by reason of the fiduciary relation existing between your orator and said Roy J. Fuller under the partnership agreement aforesaid and in the purchase of said lands, your orator is entitled to know what the true and actual amount of the purchase price paid or agreed to be paid for said land is, as well as the manner in which the same has been, or is to be paid; and that if the defendants are required to disclose what the actual consideration was for the sale of said land to the partnership as aforesaid, your orator believes, and upon information and belief charges that it will be ascertained that your orator contributed toward the payment of the purchase price of said land a sum of money greatly in excess of one half of the actual consideration or purchase *Page 142 
price of said land; and your orator is entitled under the partnership agreement aforesaid to such share or interest in said land as the amount of money contributed by him in payment of the purchase price thereof bears to the total of the purchase price paid or agreed to be paid to said Model Land Company for said land.
 IX.
That all of the representations so made to your orator by the said Roy J. Fuller as hereinabove set forth were untrue and false and were well known by said defendant to be false at the time the same were made by him; and said defendant, procured the conveyances from the Model Land Company aforesaid to be made to him individually in order to prevent your orator from ascertaining the actual consideration paid by him for said land, and your orator at the time he furnished the several sums of money aforesaid to the said defendant had at the time of the delivery to your orator of the contract and deeds from the defendant above mentioned, believed said representations to be true, and relied and acted upon the same.
 X.
Your orator further represents unto your Honor that pursuant to entering into the partnership agreement aforesaid, and the purchase of the lands hereinabove described your orator under and by reason of representations made to him by said defendant Roy J. Fuller, agreed with said defendant to clear, improve and develop certain of the lands so purchased by said defendant and your orator as hereinabove stated, and pursuant to said agreement your orator paid to said defendant the sum of $1,079.55, or upwards thereof, the exact amount being to your orator unknown, to be expended by said defendant to defray the expenses of cleaning, clearing, developing, and improving *Page 143 
said lands, and under said partnership agreement your orator is entitled to an additional interest in said lands equal to such fractional part of the whole as said sum bears to the purchase price of said land plus the improvements made thereon, and your orator is without knowledge as to the actual amount of money if any, expended by defendant in development or improvement of said lands, and what part or portion of said lands, if any, were developed or improved with the money contributed and paid your orator for that purpose as aforesaid; all of which matters and things your orator is entitled to have the said Roy J. Fuller disclose under oath in this cause.
 XI.
That the said Roy J. Fuller, in the purchase on behalf of said partnership of the lands described in paragraphs four, six and eight of this bill of complaint, represented to your orator that because of the absence from the State of Florida of your orator and the great demand for said lands at the price which the same were being bought at, it was necessary for him to close the transactions by obtaining title to said lands at once, and then call upon your orator to contribute his part of the purchase price, whereupon the said defendant would then convey to your orator his interest therein, and your orator charges that the said defendant procured said lands to be conveyed to him individually and then an undivided one-half interest therein to be by him conveyed to your orator, for the purpose of preventing your orator's ascertaining the true cost or purchase price of said lands to said partnership and for the purpose of defrauding your orator out of a share in said lands equal to such fractional part of each tract as the amount of money contributed by your orator in the purchase price thereof bears to the total of the purchase price paid for said lands, and notwithstanding the facts hereinabove set forth, the *Page 144 
said defendant claims to be the owner of an undivided one-half interest in each of said tracts and parcels of lands, whereas under the provisions of said partnership agreement and the manner in which your orator was induced to contribute toward the purchase of said lands, your orator is the owner of an interest in all of said lands greatly in excess of an undivided one-half interest therein, inasmuch as your orator contributed practically the whole of the purchase price for said lands.
 XII.
That the said Roy J. Fuller has admitted to your orator that he did not contribute towards the purchase price of said lands and improvements made thereon, as aforesaid a sum equal to the amount of money contributed by your orator as hereinabove alleged, and your orator further charges that the title and interest vested in the defendant Roy J. Fuller in and to the lands above described is held by him in trust for the use and benefit of your orator. That the lands above described are being rented, and the rents, issues and profits derived from the same are being and have been collected and received by the defendant, Roy J. Fuller, and that if a receiver is appointed herein to take care of, manage and control said lands, and collect and receive the issues, rents and profits derived from the same, that said lands can be made to yield great revenue and income during the pendency of this suit, and that unless a receiver is appointed to rent said property and to collect, receive and hold the rents, issues and profits derived from the same during the pendency of this suit, the said defendant will collect and receive all of said rents, issues and profits, and will keep and retain a greater proportion of said rents, issues and profits than he is entitled to receive under the partnership agreement aforesaid, and that your orator will be defrauded out of rents, issues and profits derived and *Page 145 
to be derived from said lands to which he is lawfully entitled."
A copy of the partnership agreement was attached to the bill of complaint in the following language:
 "PARTNERSHIP AGREEMENT
This indenture, made this 10th day of November, 1922, between W. B. Pierce, of the city of Chicago, State of Illinois, on the one part, and Roy J. Fuller, of Pompano Beach, Florida, of the other part, witnesseth as follows:
1. The said parties hereby associate themselves together as partners in the business of buying, selling, renting, holding and otherwise acquiring and disposing of real estate, and for the doing of all things proper and incidental to the improvement and development of real estate.
2. The partnership name shall be W. B. PIERCE AND ROY J. FULLER.
3. This partnership shall be terminated by the death of either party hereto. It may also be terminated by either party by giving written notice to the other of such intention at least three months prior to the date set for such dissolution.
4. Upon dissolution, the property and assets of said partnership shall be amicably divided by the parties between themselves according to their respective shares; but, if such division cannot be made amicably by the parties themselves, then in that event each party shall appoint an arbitrator and they a third to act as umpire in case of disagreement, and said arbitrators shall made division of said partnership property and assets according to the respective shares of each partner.
5. The share of each partner in any particular tract of land owned by this partnership shall be such fractional *Page 146 
part of the whole as the amount of money contributed by him in payment of the purchase price or in improvements bears to the total of the purchase price of such land and improvements made thereon by the partnership.
6. Complete books of account shall be kept by the partnership. These shall contain complete description of all lands bought by the partnership, all expenditures of money and the purpose of such expenditures, all monies received by the partnership and for what received, all contributions of monies by each partner and the particular lands to which said contributions are to be applied.
7. In case of default by either party in making payments agreed upon, pertaining to any tract of land, the other party may make such payments himself, and in such event his share in that particular tract of land shall be proportionately increased.
8. The assent of both parties shall be had before any land is bought for said partnership and before any is sold, or before any improvements are made on any such land.
9. All payments of money shall be made by check, and the signatures of both parties shall be had upon every check. All notes and other writings pledging the credit or affecting the property of the partnership shall be signed by both parties.
10. Either party hereto may act as agent of the partnership in the sale of any of its lands, and for his services in so doing shall receive a commission of ten per cent of the sale price.
11. Profits and losses in any tract of land owned or held by this partnership shall be shared by the parties according to the respective contributions of each to that particular tract.
12. Each partner shall punctually pay his separate debts, and indemnify the other partner, and the capital *Page 147 
and property of the partnership against the same and all expenses on account thereof.
13. The business of the partnership shall be carried on at Pompano Beach, Florida, or at such other places as the parties shall from time to time determine.
14. This agreement shall be and become effective as of the first day of November, A.D. 1922.
IN WITNESS WHEREOF, the parties hereto have set their hands and seals, at Fort Lauderdale, Florida, this 10th day of November, A.D. 1922."
Demurrer was filed to the bill of complaint which was overruled; thereafter the defendants filed their answer alleging:
 "1.
Answering paragraph 1 of the amended bill of complaint the above named defendants admit the execution of a partnership agreement between W. B. Pierce, complainant, and Roy J. Fuller, one of the defendants, and that the said partnership agreement was dated the 10th day of November, 1922, and that the same should become effective as of the 1st day of November, 1922; that the reason for the formation of said partnership was that the said W. B. Pierce and Roy J. Fuller at the aforesaid time contemplated the joint purchase of a certain tract of land, to-wit: five hundred and fifty (550) feet of Ocean front at Pompano Beach, Broward County, Florida; that when the abstract of title for said Ocean front land was placed in the hands of counselors at law for examination, certain defects appeared in the title; that the owner of said tract of land refused to perfect the title and that thereupon the said W. B. Pierce and Roy J. Fuller refused to consummate said deal; that thereupon in the month of November, 1922, the said W. B. Pierce left the State of Florida as set out in the amended bill of complaint; that upon his departure *Page 148 
from the State of Florida, after having failed to consummate the said deal it was orally agreed by and between W. B. Pierce and Roy J. Fuller that no more land would be purchased under and by virtue of the said partnership agreement until the return to the State of Florida of the said W. B. Pierce; that said partnership agreement among other things provided that as a condition precedent to the purchase of any land for and by said partnership that the assent of both parties, to-wit: W. B. Pierce and Roy J. Fuller should be first had before any land was purchased, and that the payment for the lands thus purchased should be by check signed by both parties, to-wit: W. B. Pierce and Roy J. Fuller; that because of the aforementioned provisions of said partnership agreement, it was impracticable and inexpedient to purchase any land by the aforesaid partnership until the return of said W. B. Pierce. It was further expressly agreed by and between W. B. Pierce and Roy J. Fuller at the time of said departure of said W. B. Pierce from the State of Florida, that the partnership bank account and the partnership deposits in the Bank of Pompano, State of Florida, under the name of Pierce Fuller should not be drawn upon or checked out for the payment of any purchase of land during the absence from the State of Florida of said W. B. Pierce; that pursuant to said oral agreement had between complainant and Roy J. Fuller, defendant, no land was purchased by and for said partnership during the absence from the State of Florida of said W. B. Pierce, and that the said partnership agreement attached to the said bill of complaint was inoperative during the absence from the State of Florida of said W. B. Pierce.
 II.
Answering paragraph 2 of the amended bill of complaint, these defendants say, inasmuch as it was orally *Page 149 
agreed by and between complainant and defendant, Roy J. Fuller, that no property should be purchased by and for said partnership during the absence from the State of Florida of said W. B. Pierce, that therefore the allegations contained in said paragraph are immaterial and these defendants deem it unnecessary to answer the same.
 III.
Answering paragraph 3, these defendants admit the partnership relation therein mentioned has not been dissolved, but deny that the said agreement has ever since its execution remained in full force and effect, inasmuch as its operation as to the purchase of partnership land was suspended by oral agreement of the parties during the absence from the State of Florida of said W. B. Pierce.
 IV.
Answering paragraph 4, these defendants deny that the lands described in paragraph 4 were purchased pursuant to the partnership relations existing and created between the complainant and defendant, Roy J. Fuller, and these defendants deny that they represented to the complainant that the cost and purchase price of all of the lands described in paragraph 4 was the sum of three thousand ($3,000.00) dollars, and these defendants deny that the said lands were purchased by said Roy J. Fuller for and on behalf of said partnership. And these defendants admit that on or about the 19th day of February, 1923, they made, executed and delivered to the complainant an agreement for deed whereby they agreed to sell and convey to the complainant an undivided one-half interest in and to the said land upon the consideration of Fifteen Hundred ($1,500.00) Dollars; that the sum of Fifteen Hundred ($1,500.00) Dollars was a fair and reasonable price for an undivided one-half interest *Page 150 
in said land; that these defendants on or about the 22nd day of December, 1922, obtained an option for the purchase of said lands from the Model Land Company, a Florida corporation; that on the 27th day of January, 1923, these defendants received a written agreement from the said Model Land Company made and executed by said Model Land Company whereby they agreed to convey to these defendants the land described in paragraph 4 of the amended bill of complaint; that said purchase of the lands described in said paragraph was not made for and on behalf of said partnership but was made by said Roy J. Fuller and his said wife for their own personal investment; that the payments made to the Model Land Company, a Florida corporation, were made by these defendants out of their own money and that the last payment becomes due in the year 1925; that the only interest the complainant has in and to said land is the interest acquired by virtue of the written agreement had between complainants and these defendants whereby these defendants agreed to convey to said complainant an undivided one-half interest for the sum of Fifteen Hundred ($1,500.00) Dollars; that the said complainant has not been defrauded in the purchase price of said land and that said complainant has no interest in the said lands under and by virtue of the partnership agreement as set out in the amended bill of complaint, for the reason that said lands were not purchased for and by said partnership.
 V.
Answering paragraph 5, these defendants say that it is true that on or about the 13th day of January, 1923, complainant paid to these defendants the sum of Thirteen Hundred ($1300.00) Dollars as and for an undivided one-half interest in the following described property: *Page 151 
 The South One Hundred Feet (100) feet of lot Seven (7) of Block Thirteen (13) of Pompano Beach, as shown by the Plat recorded in the office of the Clerk of the Circuit Court in and for Broward County, Florida, said Pompano Beach being a subdivision of Government Lot Two (2), Section Thirty-one (31), Township Forty-eight (48) South, Range Forty-three (43) East:
and these defendants deny that the said payment by the complainant was for an undivided one-half interest in the whole of said Lot Seven (7); and these defendants deny that the complainant at the time of the delivery of said deed in writing to him was unfamiliar with the exact description of said land; that the said Lot Seven (7) is Two Hundred (200) feet wide; that on the North One Hundred (100) feet of said Lot the residence and home of said Roy J. Fuller is constructed and located; that it is true as set out in said paragraph that at the time, or a short time before, the purchase mentioned in said paragraph these defendants pointed out the location and area of said lot and the said South One Hundred (100) feet of said Lot, that at the time complainant and these defendants were viewing the said Lot and before the departure of the complainant from the State of Florida, complainant offered to pay to these defendants the sum of Twenty-two Hundred ($2200) Dollars for an undivided one-half interest in the whole of said Lot; that these defendants agreed to convey an undivided one-half interest in the whole of said lots at the said time for the sum of Twenty-two Hundred ($2200) Dollars; that subsequently after the departure from the State of Florida of the complainant, complainant advised these defendants that he did not desire to purchase an undivided one-half interest in the whole of said Lot and withdrew his offer to pay Twenty-two Hundred ($2200) Dollars for *Page 152 
an undivided one-half interest in the whole of said lot, but agreed to pay Thirteen Hundred ($1300) Dollars for an undivided one-half interest in the South One Hundred (100) feet of said Lot; that thereupon these defendants executed and mailed to the complainant a deed in writing conveying an undivided one-half interest in the South One Hundred (100) feet of said Lot; that the complainant received said deed and while the complainant was sojourning in Rowayton, Connecticut, he mailed the deed back to these defendants for the purpose of having the same placed on record with the Clerk of the Circuit Court for Broward County, Florida. Thereupon, these defendants on behalf of the complainant placed the said deed on record; that it never was the agreement that these defendants would convey to the complainant an undivided one-half interest in the whole of said Lot for the sum of Thirteen Hundred ($1300) Dollars, and that the complainant well knew the meaning and exact description as stated in said deed of writing at the time he agreed to purchase said property for the sum of Thirteen Hundred ($1300) Dollars; and these defendants deny that the payments made by the complainant as set out in said paragraph was for the sole and only purpose of causing the fee simple title to said lot to become vested in the said partnership; that after the return of the complainant to the State of Florida, these defendants offered to refund to the complainant all the money paid by the complainant to these defendants for a one-half interest in the South one hundred (100) feet; that complainant refused to accept such offer and that thereupon these defendants offered to convey an undivided one-half interest in the whole of said Lot provided the complainant would pay to these defendants the original price of Twenty-two Hundred ($2200.00) Dollars which he had agreed to pay before his departure; that the complainant *Page 153 
refused to do this and these defendants deny that they ever represented to the complainant that the deed of writing given to complainant conveyed an undivided one-half interest in the whole of said Lot Seven (7) and they deny that they ever agreed to convey an undivided one-half interest in the whole of said Lot Seven (7) for the sum of Thirteen Hundred ($1300) Dollars, and they deny that they ever made any fraudulent representations to the complainant in regard to the conveyances made and set out in paragraph 5.
 VI
Answering paragraph 6, these defendants deny that the property described in said paragraph was purchased pursuant to the partnership relation existing and created between the complainant and Roy J. Fuller, and these defendants say that the said lands therein described were purchased by Roy J. Fuller from the Model Land Company for his own personal use and not for and on behalf of the said partnership; that the ninety (90) acres, more or less, described in said paragraph were purchased in the following manner: Ten (10) acres were purchased at one time for the sum of Four Hundred ($400) Dollars, and subsequently these defendants agreed to sell to the complainant an undivided one-half interest in the said ten (10) acres for the sum of Two Hundred ($200) Dollars; that the remaining eighty (80) acres were purchased at another time from the Model Land Company and that subsequently thereto these defendants agreed to convey to the complainant an undivided one-half interest in said eight (80) acres, but these defendants deny that they ever represented to the complainant that the purchase price and cost of the whole of said ninety (90) acres was Five Thousand Two Hundred Seventy-five ($5,275) Dollars, and deny that they ever represented to the complainant what the cost of said *Page 154 
lands actually was, and deny that the said lands were purchased for and on behalf of said partnership. These defendants admit that they made, executed and delivered to the complainant a deed of conveyance conveying an undivided one-half interest to the property described therein for the consideration of Two Thousand Six Hundred Forty-five and 16/100 Dollars; that the said amount represents a fair and reasonable market value of said property; that these defendants did not make any fraudulent representations inducing said complainant to purchase said property at a sum in excess of its real market value; and these defendants deny that the complainant is entitled to an interest in said land equal to such fractional part of the whole of said land as the amount of money contributed and paid by the complainant in payment of the purchase price bears to the purchase price paid for said land.
 VII.
Answering paragraph 7, these defendants deny that the property described in said paragraph was purchased pursuant to the partnership relation existing and created between the complainant and the defendant, Roy J. Fuller, but say that the said property was purchased for the personal use of the defendants and on their own behalf. These defendants deny that they agreed to convey an undivided one-half interest in said property to complainant for one-half of what the said lands cost the said defendants, together with the cost of erecting a hotel upon said land, and they deny that they ever represented to the complainant that the total cost of said land and hotel was Two Thousand Four Hundred Thirteen and 97/100 Dollars; and they deny that they ever represented to the complainant the cost of said land or the cost of said hotel; that it is true that the complainant paid these defendants the sum of Twelve Hundred and Fifty Dollars ($1250) in payment for an undivided *Page 155 
one-half interest in said lands; and these defendants deny that the complainant is entitled to such fractional part of said land as the amount of money paid by him for the purchase of an interest in the said land bears to the total cost of said land and the improvements thereon; that the purchase price paid by the complainant for an undivided interest in said land represents a fair and reasonable market value of the same and these defendants say they have not defrauded the complainant in the matter of the sale to him of an undivided one-half interest to him of said land; that the defendant, Roy J. Fuller, bought the said land as acreage from the Model Land Company for his own personal use and not for and as partnership property; that later on his own personal account he subdivided the said land into a subdivision called Shewmaker's Park; that he thereupon built a hotel upon certain of the lots described in paragraph 7 and furnished the said hotel; that the market value of each of the said lots in said subdivision was Five Hundred ($500) Dollars; that he agreed to sell and convey to the complainant for the sum of Twelve Hundred and Fifty ($1250) Dollars an undivided one-half interest in four (4) lots of said subdivision, together with an undivided one-half interest in the hotel building thereon; that the cost of the hotel was approximately Fifteen Hundred ($1500) Dollars; that the cost of furnishing the hotel was Four Hundred and Sixty-five ($465) Dollars.
 VIII
Answering paragraph 8, these defendants deny that the Fifty-seven and one-half (57 1/2) acres described in paragraph 8 of the amended bill of complaint were purchased pursuant to the partnership relation existing and created by and between complainant and Roy J. Fuller, but say that the said Fifty-seven and one-half (57 1/2) acres was a portion of the land purchased by the defendant, Roy J. *Page 156 
Fuller, from the Model Land Company; that the defendant, Roy J. Fuller, purchased from the Model Land Company Sixty-five (65) acres for his own personal use and not for and on behalf of the said partnership; that subsequently these defendants agreed to sell to the complainant an undivided one-half interest in the said Fifty-seven and one-half (57 1/2) acres as described in paragraph 8 for the sum of One Thousand Eight Hundred Sixty-eight and 75/100 Dollars; that the said amount represents a fair and reasonable market value of said land; that the defendants tendered to the complainant a deed of conveyance for the said land but that the complainant refused to accept said deed; that out of the said Sixty-five (65) acres purchased by the defendants, these defendants have been offered Ninety ($90) Dollars per acre for the remaining Seven (7) acres; these defendants deny that they represented to the complainant that the cost and purchase price of the whole of said land would be Three Thousand Seven Hundred Thirty-seven and 50/100 Dollars and they deny that they ever represented to the complainant the cost or purchase price of said land; and these defendants deny that the complainant is entitled to such fractional share or interest in said land as the amount of money paid by him in payment of the purchase bears to the total of the purchase price paid or agreed to be paid by the defendants; these defendants deny that they ever made any fraudulent representations to the complainant inducing him to purchase for the sum therein stated an undivided one-half interest in the Fifty-seven and one-half (57 1/2) acres described in said paragraph.
 IX
Answering paragraph 9, defendants deny that they made any false representations to complainant in any manner *Page 157 
whatever pertaining to the sale of the lands described in the bill of complaint, well knowing that they were false at the time of making of said representations, and deny that they procured the conveyance to be made from the Model Land Company to the defendants directly in order to prevent the complainant from ascertaining the actual consideration paid for the land, but say that the conveyances were made to these defendants because it was their own personal purchase and that they did not purchase any of the lands described in said bill of complaint for and on behalf of the said partnership; that all of the lands described in the bill of complaint were purchased by these defendants during a time when the said partnership agreement was inoperative and its provisions suspended by reason of the absence from the State of Florida of the complainant as set out heretofore in this answer.
 X
Answering paragraph 10, these defendants deny that any money was contributed by the complainant pursuant to the partnership agreement for the purpose of clearing and improving any of the land; but admit that complainant contributed the sum of One Thousand and Seventy-nine and 55/100 Dollars for the purpose of clearing and improving said land, but say that the said moneys were contributed by the complainant by virtue of his interest in the land described in the bill of complaint acquired by conveyance from these defendants; that subsequent to the conveyances made by these defendants to the complainant of an undivided one-half interest in the land described in the bill of complaint as set out in the various paragraphs the complainant and the defendants agreed to contribute an equal sum for the purpose of defraying the expense of cleaning, clearing, developing and improving of the said *Page 158 
land; that said defendants contributed a sum for said purpose equal to the money and amount contributed by the complainant; that the entire amount of money contributed by the complainant and these defendants for the purpose of clearing and improving said land was expended for said purpose and these defendants are ready and willing to submit in evidence a statement from the books of account kept by these defendants showing disbursements of said funds and each and every item for the clearing of said land.
 XI.
Answering paragraph 11, these defendants deny that they caused conveyance to be made to them directly from the Model Land Company of the property described in paragraphs 2, 4 and 6 of the amended bill of complaint for the purpose of preventing the complainant from ascertaining the true cost or purchase price of said land, and deny that the said property was purchased by these defendants for the use of and on behalf of the said partnership, but say that each and every parcel of said property purchased by these defendants was for their own personal use, and they deny that the said conveyances were caused to be made to the defendants directly for the purpose of defrauding the complainant, and deny that the complainant is the owner of an interest in all of said lands greatly in excess of an undivided one-half interest therein, and say further that the amount of money paid by the complainant for the interest conveyed to him in each and every conveyance represents a fair and reasonable market value of said property at the time of said conveyance.
 XII.
Answering paragraph 12, these defendants deny that R. J. Fuller admitted to the complainant that he did not contribute *Page 159 
towards the purchase price of the lands a sum equal to the amount of money contributed by the complainant, and deny that they are holding the property described in the bill of complaint in trust for the complainant, but admit that a certain rental is being derived from the property described in paragraph 7 of the amended bill of complaint; that a certain rental is derived from the hotel located on the property described in paragraph 7; that the amount of said rental is Fifteen Dollars ($15.00) per week and that the said rental is deposited in the Fort Lauderdale State Bank of Fort Lauderdale, Florida, by these defendants to the account of Fuller Pierce to be held by said bank in trust for said depositors pending the final termination of this suit; that there is no need for the appointment of a receiver; and these defendants deny that they will collect and receive all of the rents, issues and profits derived from the said land without accounting for the same; these defendants deny that the complainant will be defrauded out of the rents, issues and profits unless a Receiver is appointed.
 XIII.
Answering in general all of the allegations of said bill of complaint, these defendants say that each of the conveyances mentioned in said bill of complaint was made by these defendants to the complainant of their own individual property which had been purchased by them for their own personal use, and that the said property described in the bill of complaint was not purchased by these defendants for or on behalf of the said partnership; that under and by virtue of the terms of the said partnership these defendants were not empowered and did not have the authority to purchase lands for and on behalf of the said partnership, and these defendants deny that they *Page 160 
ever defrauded the complainant in any manner in the conveyances made to him by them of property described in the bill of complaint; that the interrogatories attached to the bill of complaint seek to elicit evidence not pertinent to the issues raised by the bill of complaint, but inasmuch as the property conveyed to agreed to be conveyed to the complainant by these defendants was the individual property of these defendants, and not of said partnership, that therefore complainant is not entitled to know the purchase price paid by these defendants for property purchased for their own use and on their own behalf, and that therefore the complainant is not entitled to know the amount of property, the times of the purchase of the various tracts by these defendants of the property which they purchased for their own personal use and which is the property described in the various paragraphs of the bill of complaint.
 XIV.
And for a counterclaim and affirmative relief against the complainant, these defendants aver and say that by the terms of the agreement for the purchase and sale of the property described in paragraph 4 of the bill of complaint, the complainant agreed to pay the purchase price thereof in the following manner; Seven Hundred Fifty ($750) Dollars cash upon the execution of the agreement, Three Hundred Seventy-five ($375) on January 13, 1924, and Three Hundred Seventy-five ($375) Dollars on January 13, 1925; that on the 13th day of January, 1924, by virtue of said agreement, there became due and payable by the said complainant to the said defendants the sum of Three Hundred and Seventy-five ($375) Dollars; that the complainant failed to make said payment on said date and has failed and refused to make the said payment any time subsequent thereto and has failed to make the said payment *Page 161 
up to the time of the filing of this answer, and has refused to pay said installments although requested by these defendants; that on the 25th day of January, 1924, these defendants by their undersigned solicitors delivered to the complainant a notice in writing of the default by said complainant in the payment of said installment due on the 13th day of January, A.D. 1924, and notified said complainant that these defendants thereby elected to rescind said contract and to consider the same cancelled and rescinded, and that they by the said notice declared said contract to be of no further operation and effect and that they thereby elected to retain the payments made by the said complainant as and for damages the defendants had sustained by virtue of his failure to make the said payments.
Wherefore, these defendants pray that an accounting be had by and between the complainant and these defendants in regard to the payment made by the complainant for the purchase of an undivided one-half interest in the lands described in paragraph 4 of the bill of complaint, together with the damages sustained by these defendants for the failure of the complainant to make the payment as hereinabove set out. That thereupon a decree be entered by this Court ordering the cancellation of this contract and ordering the re-conveyance by the complainant to these defendants of the complainant's undivided one-half interest in and to said lands, together with such other relief in regard to said property as this Court shall deem just and equitable.
 XV
And for a further affirmative relief and counterclaim, these defendants aver and say that out of the moneys contributed by the complainant and by the defendants for the *Page 162 
clearing, improving and developing of said land described in the bill of complaint, said money was inadequate to pay these defendants reasonable compensation for their services and the use of their automobile in the prosecution of said work of clearing and improving said lands; that the defendant Roy J. Fuller, was daily supervising from two to ten negroes who were engaged in the clearing and cleaning of said lands; that this supervision began in the month of January, 1923, and continued to the month of August, 1923, that he was engaged daily supervising said negro employees for a period of seven (7) months, for which work he has received no compensation; and these defendants further say that they used their own automobile in providing transportation for the workmen to and from said land; that they purchased out of their own money and not out of the moneys contributed by the defendants and complainant, oil and gas for said automobile and kept it in proper repair; that they used their said automobile providing such transportation for their workmen for the period of seven months, beginning January, 1923, and continuing every month until August, 1923; that these defendants have received no compensation for their services or for the use of their automobile; that a reasonable compensation for the service of Roy J. Fuller for supervising the said negro employees is the sum of Two Hundred ($200) Dollars per month; that the reasonable rental value of their automobile used in the transportation of said laborers to and from their work for the said Seven (7) months is one hundred fifty ($150) Dollars per month.
Wherefore, these defendants pray that in the final accounting had by and between the respective parties hereto a decree of this Court be entered ordering and decreeing complainant to pay unto these defendants the sum of Fourteen Hundred ($1400) Dollars for services of the defendant, *Page 163 
Roy J. Fuller, in supervising the negro employes in the prosecution of the work of clearing and improving said land, together with the sum of Ten Hundred and Fifty ($1050) Dollars as and for rental money to the defendants for their automobile used in the transportation of the negro employees to and from their work in clearing, developing and improving the said land."
To this answer replication was filed as follows:
"1. Complainant denies that the sole reason for the formation of the partnership mentioned in this amended bill was as is stated in the first paragraph of said answer, and likewise denies the existence and the oral agreement mentioned in this answer, and denies that the said partnership agreement became or was inoperative during the absence of the Complainant from the State of Florida.
2. Complainant denies that the lands described in the said amended bill were purchased by said defendants for their own personal investment and denies that all of the moneys paid for said lands belonged to the defendants.
3. Complainant denies that the defendant contributed a sum equal to the amount of money contributed by complainant in defraying the expenses of cleaning, clearing, developing and improving, said land.
4. Complainant, being without knowledge as to the amount of rental derived from the property upon which the Hotel building mentioned in the amended bill is erected neither admits nor denies that the amount of said rental is $15.00 per week.
5. Complainant admits the allegations of facts contained in the 14th paragraph of said answer, but denies that the defendants are entitled to collect for the complainant the balance provided to be paid in said contract, and likewise denies that the defendants are entitled to rescind or cancel said contract. *Page 164 
6. Complainant denies all of the allegations of the 15th paragraph of the said answer."
A master was appointed, testimony was taken and submitted to the Court; the Court entered an order of its findings as follows:
"This cause having come on for Final Hearing upon the pleadings and master's report of the testimony heretofore taken herein, together with a stipulation entered into between Counsel for Complaint, and Counsel for Defendants, consenting to a final hearing at this time upon the said master's report and other pleadings filed herein; and the court having heard the argument of Counsel for the Complainant and Counsel for the defendants, and being fully advised in the premises;
Does find and decree that the allegations of the amended bill of complaint filed herein by the Complainant have been substantially proven; that the equities of this cause are with the complainant, and that the interests of the complainant, W. B. Pierce, and of the defendant Roy J. Fuller, in the lands described in the fourth, sixth and eighth paragraphs of said amended bill are to be determined in accordance with the partnership agreement, a copy of which is annexed to said amended bill and was introduced in evidence before the Special Master in Chancery heretofore appointed herein as Complainant's Exhibit 'A.,' that is to say: that the interest of each of said parties in each of said tracts of land is such fractional part of the whole as the amount of money contributed by him in payment of the purchase price or in improvements bears to the total of the purchase price paid for said tracts of land, plus, the cost of improvements made thereon;
And does further find and decree the Complainant is entitled to have the defendants execute and deliver to him a good and sufficient deed of conveyance vesting in complainant *Page 165 
his heirs and assigns an undivided one half interest in the whole of the land described in the 5th paragraph of the said bill of complaint exclusive of the buildings and other improvements now situate thereon.
And it appearing to the Court from the said Master's report of the testimony that there is considerable conflict in the evidence contained in said report with reference to the costs of improvements made upon said several tracts of land, the amount of rents received, the expenditures made for abstracts, recording fees, and attorney's fees paid for examining abstracts to said land and compensation due the defendant, if any, for his services, and the Court being unable from said Master's report to accurately calculate the expenditures made by the respective co-partners in paying for said improvements, abstracts, recording fees, and attorney's fees, and being unable from said report to fix the amount of rents derived from the several tracts and pieces of land described in said bill does hereby re-refer said case to M. Lewis Hall, an attorney at law, residing in the City of Fort Lauderdale, practicing before this Court, who is hereby ordered and directed as such Special Master, within 30 days from this date to take and report to this Court in writing such further testimony as shall be introduced before him by either of the parties to this suit bearing upon or pertaining to the cost of improvements made upon each of the tracts of land described in the fourth, sixth and eighth paragraphs of said bill, the amount of rents derived therefrom, the expenditures made by the respective parties to this suit, for abstracts, recording fees, and attorneys' fees paid for examining abstracts to said land and compensation as aforesaid, and to take and make an account of all other moneys paid out by each of the parties to this suit in connection with the buying or improvements of said several tracts of land, and that said Special Master, be and he is hereby authorized and directed to *Page 166 
make, and file with his said report specific recommendations to this court of such matters and things as should be set forth in the Final Decree in this cause under the findings herein above made.
IT IS FURTHER ORDERED AND DECREED, that upon the filing of such report and recommendations by the Master as aforesaid that each of the parties to this suit be allowed fifteen days within which to accept to said report, or to said recommendations."
Upon such order in due course the Master made report of his findings of facts as follows:
"1. That no rents have been derived from the lands described in the fourth paragraph of the Amended Bill; and that on account of the purchase price and development of the tracts of land described in the Fourth paragraph of the Amended Bill of Complaint, the Complainant paid the defendant the sum of $780.00 on or about the 13th day of January, 1923, and that upon payment of the same, the defendant executed to the complainant his agreement, agreeing to sell the Complainant an undivided one-half interest in said lands upon the further payment by the complainant to the defendant of the sum of $375.00 on January 13, 1924, and $375.00 on January 13, 1925, with interest on said payments from January 13, 1923, until paid, at eight per cent per annum.
And that on or about January 18th, 1923, the defendant paid to the Model Land Company for this land, the sum of $800.00, upon the payment of which that company executed and delivered to the defendant its agreement in which it agreed to sell and convey this land to the defendant upon the payment by him of the balance of the agreed purchase price, amounting to $1600.00, payable $800.00 on January 18th, 1924, and $800.00 on January 18th, 1925, with interest thereon until paid, at the rate of eight per *Page 167 
cent (8%) per annum; and that the defendant in the purchase of this property paid the further sum of:
 $1.65 for recording fees and $20.00 for examination of Abstracts,
and that no deed to this land has ever been made to either of the parties to this suit, and neither of them have made any payments under said contract, except the initial payments above mentioned, so that in acquiring this land the Complainant has paid out the sum of $780.00 and the defendant has paid out the sum of $41.65.
2. That on Account of the purchase price and development of the lands described in the Sixth paragraph of the amended Bill of Complaint, the Complainant paid to the defendant the total sum of $2,635.16; and that the defendant paid to the Model Land Company for a deed to him to this property the sum of $3,300.00 upon the receipt of which he deeded to the Complainant an undivided one-half interest in this land, that in the purchase of this land, the defendant also paid:
 $6.00 of Revenue Stamps, $3.30 for recording fees and $4.00 for examination of abstract.
and that in clearing and developing this land the complainant has paid the sum of $486.25 and the defendant has paid out and is entitled to receive credit for (including compensation for his personal services and use of his automobile) the sum of $1,365.55. So that in buying and developing this land the Complainant has paid out the sum of $3,121.41, and the defendant has paid out and is entitled to receive credit for the total sum of $2,079.69; that the rents derived from this land have been amicably divided between the parties to this suit.
3. That the Complainant, W. B. Pierce and the Defendant Roy J. Fuller, are each vested with and entitled to retain an undivided one-half (1/2) interest in the land *Page 168 
described in the Seventh (7) paragraph of the amended bill, and that the total sum of $744.00 has been derived from the rental of this property up to and including the 15th day of October, 1924, and that said rent has been collected by the Defendant Roy J. Fuller, and the Complainant is entitled to have one-half of the same paid over to him.
4. That on account of the purchase price of the lands described in the Eighth paragraph of the amended Bill of Complaint, amounting to Fifty-seven and one-half (57 1/2) acres, the Complainant paid to the defendant the total sum of $1,868.75 and that in the purchase of this land the defendant paid to the Model Land Company for a deed to him to this property the sum of $2,012.50 upon receipt of which he offered to deed the Complainant a one-half (1/2) interest in this land but that Complainant refused to accept such deed; that in the purchase of this land defendant also paid:
$2.50 for Revenue Stamps; $1.65 for recording fee and $20.00 for examination of abstracts.
so that in acquiring this land the Complainant paid the sum of $1,868.75 and defendant paid $167.90; that all rents derived from this property have been amicably divided between the parties to this suit."
The defendants filed exceptions to the Master's findings as follows:
"1. Exception is made to the findings of the said special master as to the property described in paragraph IV of the amended Bill of Complaint:
(a) The defendants are not credited or allowed the initial payment made to the Model Land Company in the sum of $800.00.
(b) The defendants are not credited or allowed expenditures and payment of $600.00 to one P. Barber as the purchase *Page 169 
price of one and a half acres to complete the forty-acre tract.
(c) The defendants are not credited or allowed the expenditure of $150.00 for clearing and improving the said land, said work being done by the defendants.
(d) The defendants are not credited with nor allowed the sum of $300.00 expended by them as money paid to one William Shewmake for showing the defendants the said land.
(e) The defendants are not credited with nor allowed $20.00 paid by them for the examination of the Abstract of Title covering said lands.
2. Exception is made to the findings of the special master as to the property described in paragraph VI of the Bill of Complaint, because the Special Master in his report has failed to credit defendants with and allow them the following expenditures, to-wit:
(a) $1,400.00 for personal services of Roy J. Fuller at $200.00 per month for seven months, as complainant agreed to pay.
(b) $700.00 for the use of the defendant's automobile.
(c) $100 expended by the defendants in being shown this land at the time of the purchase of same.
(d) $40.00 expended by the defendants for attorney's fees in examining the Abstract of Title covering said lands.
(e) $300.00 expended by the defendants in having the land surveyed.
(f) $3,300.00 paid by defendants as the purchase price of the property.
3. Exception is made to the report and findings of the Special Master as to the property described in Paragraph VII of the Bill of Complaint, as his report and findings *Page 170 
failed to credit defendants with and allow them for the following payments and expenditures, to-wit:
(a) Total cost of Hotel, $2,695.00.
(b) Additional improvement of outhouse, $35.28.
(c) Initial cost of the land, $562.52.
4. Exception is made to the findings and report of the special master as to the property described in paragraph VIII of the Bill of Complaint, in that said special master in his report and findings as to said property has failed to credit defendants with and allow them for the following payments and expenditures, to-wit:
(a) Original purchase price of $2,275.00 for 65 acres or $2,012.50 for 57 1/2 acres.
(b) $100.00 paid by the defendants for being shown this land.
(c) $20.00 paid by the defendants for examination of abstract of title to this land.
5. Defendants except to the Master's report and findings in this cause for the reason that the testimony shows that the total amount of money deposited in the Pompano State Bank and in the Ft. Lauderdale Bank and Trust Company to the account of Pierce and Fuller was $8,621.15, and the testimony further shows at the time of the taking of the testimony there was a balance in the Ft. Lauderdale Bank Trust Company amounting to $240.49 and that there was no balance left in the Bank of Pompano, and that the defendant Roy J. Fuller had contributed one-half of said money, to-wit, $4,310.57, and that said money was expended for four purposes, to-wit: (a) For seeds, freight, and fertilizer; (b) For Machinery and Beasts of Burden; (c) For Labor; and (d) on miscellaneous account; all as shown by the exhibits offered on behalf of the defendants; the testimony shows that this money was used in improving *Page 171 
and benefiting the property described in the bill of complaint and said findings and report of the master do not allow defendants one-half interest in said property described in the bill of complaint, but yet require the defendants to pay one-half of the expenditures, as shown in said exhibits; it being contended by the defendants that the expenses which were paid by them should be only proportionate with their interest decreed in said property described in each of the paragraphs of the Bill of Complaint.
6. The defendants except to the findings of said special master in their entirety, as well as in severalty, for the reason that same are not supported by the evidence in this cause.
7. The defendants except to the findings of said special master in their entirety, as well as in severalty, for the reason that same are not supported by law, said master having made rulings on questions of law as well as questions of fact, which he was not authorized to do."
Upon consideration of the testimony submitted with the report of the Special Master, the Chancellor entered a Final Decree as follows:
"This cause having come on this day for further and final hearing upon the report of M. Lewis Hall, as Special Master in Chancery appointed herein by an order of this Court entered in this cause on the 13th day of August, 1924, and the other testimony and proceedings had herein, the respective parties to this suit, by their solicitors having stipulated and agreed in writing that this hearing may be had at this time and without notice to either of them, and the Court being fully advised in the premises.
IT IS NOW ORDERED, ADJUDGED AND DECREED, that the equities of this cause are with the complainant and that the interest of the Complainant, W. B. Pierce and Defendant, Roy J. Fuller, in the Lands described *Page 172 
in the fourth (4), sixth (6) and eighth (8) paragraphs of Complainant's amended bill, are, under the provision of the partnership agreement between said parties, introduced in evidence in this cause, such fractional part of the whole as the amount of money contributed by each of them in payment of the purchase price and improvements made on each particular tract of said lands bears to the total of the purchase price and cost of improvements made thereon.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the report and findings of fact made by M. Lewis Hall as Special Master be, and the same are hereby approved, ratified and confirmed.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Complainant W. B. Pierce, be and he hereby is forever released and discharged from the payment of the money stipulated to be paid by him to the defendant Roy J. Fuller in a contract entered into by said parties on or about the 19th day of February, 1923, wherein the said Defendant, Roy J. Fuller, agreed upon the payment to him by the Complainant of the total principal sum of $$1500.00 to sell and convey to the Complainant an undivided one-half interest in the lands mentioned in the fourth (4) paragraph of complainant's amended bill, and described as follows to-wit:
Lots One (1), Two (2), Three (3) and Four of the subdivision of the South Half of the Southwest Quarter of Section Thirty-one, in Township Forty-eight South, Range Forty-three East, containing Forty acres, more or less, according to the survey thereof made by Geo. O. Butler, C. E., said land is situate in Broward County, Florida.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Complainant under the testimony introduced in this cause has had and holds a ninety-five and *Page 173 
fifty-three hundredths per cent. (95.53%) interest in the contract or agreement executed on or about the 18th day of January, 1923, between the Model Land Company, a corporation, and the Defendant, Roy J. Fuller, wherein the said Model Land Company agreed to sell and convey the land above described to the said Roy J. Fuller in fee simple for the price and sum of Twenty-four Hundred Dollars ($2400.00) Eight Hundred Dollars ($800.00 of which was paid upon the execution of said agreement and the balance was provided to be paid as follows, to-wit: Eight Hundred Dollars ($800.00) on or before One (1) year after date of said contract and Eight Hundred Dollars ($800.00) on or before Two (2) years after the date of said contract, together with interest thereon until paid at the rate of Eight per cent (8%) per annum, and that the defendant has and holds a Four and Forty-seven hundredths per cent (4.47%) interest in said contract, but that in the payment of the balance of the purchase price for said land, the interest of either of said parties in fee simple title of said land as herein adjudicated, may be increased or decreased, in accordance with the provision of the Seventh paragraph of said partnership agreement, which provides that 'In case of default by either party in making payments upon pertaining to any tract of land the other party may make such payments himself and in such event his share in that particular tract of land shall be proportionately increased.'
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Complainant W. B. Pierce, is the owner in fee simple of an undivided one-half interest in the land mentioned in the Fifth paragraph of said Amended Bill, described as Lot Seven (7) of Block Thirteen (13) of Pompano Beach, as shown by recorded plat in the office of the Clerk of the Circuit Court of Broward County, *Page 174 
Florida, said Pompano Beach being a subdivision of Government Lot Two (2) in Section Thirty-one (31) of Township Forty-eight (48) South, Range Forty-three (43) East, situate in Broward County, Florida, exclusive of any and all buildings and other structures now situate on said property, and that the defendant, Roy J. Fuller, is the owner in fee simple of the other undivided one-half interest in said property and the sole owner of all buildings and other structures now situate thereon.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the description contained in the deed from Roy J. Fuller and Bernese Fuller, his wife, to the complainant, W. B. Pierce, in which deed the said defendants conveyed to the complainant, an undivided one-half interest in the South One Hundred (100) feet of the land last above described, be and the same is hereby corrected and reformed so as to omit from said description the words 'South One Hundred (100) feet of,' and the defendants Roy J. Fuller and Bernese Fuller, his wife and all persons claiming or to hereafter claim by, through or under them subsequent to the institution of this suit are hereby forever barred and estopped from claiming or asserting any right, title or interest in any part of said Lot Seven (7) of Block Thirteen (13) of Pompano Beach, greater than an undivided one-half interest in the whole of said lot as against the Complainant and those claiming or to hereafter claim by, through or under him, and said defendants are hereby ordered and directed within ten (10) days after the entry of this decree to make, execute and deliver to the complainant a good and sufficient deed conveying to Complainant, his heirs and assigns, an undivided one-half interest in all of said Lot Seven (7) of Block Thirteen (13) of Pompano Beach, except the South One Hundred (100) feet thereof, exclusive of the building and structures aforesaid, *Page 175 
and in the event of the failure or refusal of said defendant so to do, that this decree operate as and have the full force and effect of such conveyance.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Complainant W. B. Pierce, is the owner in fee simple of an undivided Sixty per cent (60%) interest in the lands mentioned in the sixth paragraph of Complainant's amended Bill, described as follows, to-wit:
 The North half (N1/2 of the South East Quarter (SE1/4) of the NE1/4 and South East Quarter (SE1/4) of South East Quarter (SE1/4) of North East Quarter (NE1/4) of Section Thirty-two (32) and North Half (N1/2) of South West Quarter (SW1/4) of North West Quarter (NW1/4) and South West Quarter of South West Quarter (SW1/4) of North West Quarter (NW1/4) of Section thirty-three, all in Township Forty-eight (48) South, Range Forty-two (42) East; South West Quarter (SW1/4) of South East Quarter (SE1/4) of North East Quarter (NE1/4) and North Half (N1/2) of North East Quarter (NE1/4) of South East Quarter (SE1/4) of Section Thirty-two (32) in Township Forty-eight, South, Range Forty-two East, situate in Broward County Florida.
and that the defendant Roy J. Fuller, is the owner in fee simple of the other undivided Forty per cent. (40%) interest in said land, and the defendants, Roy J. Fuller and Bernese Fuller, his wife, are hereby ordered and directed within ten (10) days after the entry of this decree to make, execute and deliver to the Complainant such additional deed of conveyance as shall be necessary to vest in the complainant his heirs and assigns a Sixty per cent. (60%) interest in the fee simple title to the lands last above described and that in the event said defendants shall fail or *Page 176 
refuse so to do that this decree operate as and have the effect of such conveyance, and the defendants and all persons claiming by, through or under them subsequent to the institution of this suit are hereby forever barred and estopped from claiming or asserting any interest in the lands last above described, greater than an undivided Forty per cent (40%) interest therein against the complainant or against those claiming or hereafter claim by, through or under him.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Complainant W. B. Pierce and the Defendant, Roy J. Fuller, are each vested with and entitled to retain an undivided one-half interest in the land and buildings situate thereon mentioned in the seventh paragraph of Complainant's Amended Bill, described as:
Lot Three (3) and Four (4) and Lots Thirteen (13) and Fourteen (14) of Block One (1) of Shewmakes Park, according to a plat thereof recorded in the office of the Clerk of the Circuit Court of Broward County, Florida, together with a hotel building erected for colored people situate in Broward County, Florida, and the defendant Roy J. Fuller is hereby ordered and directed within ten days after the entry of this Decree to pay over to the Complainant ($372.00) together with interest thereon from this date at the rate of Eight per cent (8%) per annum, being one half of the rents found by said Master to be derived from said property and collected by the Defendant Roy J. Fuller up to and including the 15th day of October, 1924, and that in the event the said defendant fails or refuses to pay to the complainant the said sum of money within said time that execution do issue against the defendant Roy J. Fuller therefor.
IT IS FURTHER, ORDERED, ADJUDGED AND DECREED, That the Complainant W. B. Pierce is vested with *Page 177 
an undivided Ninety-one and Seventy-five hundredths per cent (91.75%) interest in the fee simple title to the land mentioned in the eighth paragraph of Complainant's amended Bill, described as:
 The west half (W1/2) of Southeast Quarter (SE1/4) of Northeast Quarter (NE1/4); West half (W1/2) of Southeast Quarter (SE1/4) of Southeast Quarter (SE1/4) of Northeast Quarter (NE1/4); West half (W1/2) of East half (E1/2) of Northeast Quarter (NE1/4) of Southeast Quarter (SE1/4);
 All that part of West half (W1/2) of Northeast Quarter (NE1/4) of Southeast Quarter (SE1/4) lying North of the center line of the County road:
 All that part of the Northwest Quarter (NW1/4) of Southeast Quarter (SE1/4) of Southeast Quarter (SE1/4) lying North of the center line of the County Road; and all that part of the West half (W1/2) of Northeast Quarter (NE1/4) of Southeast Quarter (SE1/4) of Southeast Quarter (SE1/4) lying North of the center line of the County Road; all in Section Thirty-four (34), Township Forty-eight (48) South, Range Forty-two (42) East, containing 571/2 acres, more or less, all situate in Broward County, Florida.
and that the defendant Roy J. Fuller is vested with an Eight and Twenty-five Hundredths per cent (8.25%) interest in the fee simple title to said land and the said defendants Roy J. Fuller and Bernese Fuller, his wife are hereby ordered and directed within ten days after the entry of this decree to make, execute and deliver to the Complainant a good and sufficient deed of conveyance to and vesting in the complainant, his heirs and assigns an undivided Ninety-one and Seventy-five Hundredths per cent (91.75%) interest in fee simple title to the lands last *Page 178 
hereinabove described and that in the event of the failure or refusal of the defendants so to do that this decree operate as and have the effect of such conveyance, and the defendants and all persons claiming by, through or under them subsequent to the institution of this suit are hereby forever barred and estopped from claiming or asserting any right, title or interest in said land, greater or in excess of Eight and Twenty-five Hundredths per cent (8.25%) interest in the fee simple title to the same as against the Complainant and those claiming or to hereafter claim by, through or under him.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the partnership created between the Complainant and Defendant Roy J. Fuller under the partnership agreement, entered into between them aforesaid, be, and the same is hereby dissolved.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, That the Defendant Roy J. Fuller pay the costs of this suit to be taxed by the Clerk of the Court including the sum of $40.00 which amount is hereby fixed and allowed as reasonable compensation for M. Lewis Hall as Special Master in Chancery herein and that execution do issue therefor.
DONE AND ORDERED AT CHAMBERS, in the City of Fort Lauderdale, Florida, on this the 22nd day of October, A.D. 1924."
From this decree appeal was taken to the Supreme Court and assignments of error were filed as follows:
"1. The Court erred in overruling defendants' demurrer to the bill of complaint, which order was rendered on the 6th day of February, 1924, and recorded in Chancery Order Book Vol. 4, *page 154. 
2. The Court erred in the rendition of its order bearing *Page 179 
date of August 13, 1924, which order is recorded in Chancery Order Book Vol. 4, page 410.
3. The Court erred in the rendition of its final decree dated October 22, 1924, recorded in Chancery Order Book Vol. 4, page 485.
4. The Court erred in denying and overruling the defendants' exception filed November 10, 1924, to the findings of M. Lewis Hall, which order is dated October 22, 1924.
5. The Court erred in denying the defendant's counterclaim as contained and set out in paragraph 14 of the defendants' answer.
6. The Court erred in denying defendant's counterclaim and prayer for affirmative relief as contained and set out in paragraph 15 of the defendants' answer.
7. The Court erred in granting complainant's prayer for relief as to the property described in paragraph 4 of the amended bill of complaint filed December 14, 1923.
8. The Court erred in granting complainant's prayer for relief as to the property described in paragraph 5 of the amended bill of complaint filed December 14, 1923.
9. The Court erred in granting complainant's prayer for relief as to the property described in paragraph 6 of the amended bill of complaint filed December 14, 1923.
10. The Court erred in granting complainant's prayer for relief as to the property described in paragraph 8 of the amended bill of complaint as filed on December 14, 1923."
It will be observed that the interest to be owned by each of the partners was fixed by paragraph five (5) of the partnership agreement.
The relationship of partners is of a most solemn fiduciary *Page 180 
character. Indeed it may be stated that only the relationship of marriage can bring the contracting parties into a more confidential relation and impose a more binding fiduciary status than that of partnership.
It is the legal and moral duty of every person who has entered into partnership with another person or who is about to enter into a partnership with another not only not to conceal any material matter relative to partnership affairs or as to the expenditure of funds in behalf of the partnership, but it is also the duty of each partner to divulge to his co-partner fully, freely and without reservation all matters within his own knowledge material to the affairs of the partnership or as to the cost, value, location and other conditions of the partnership property. 30 CYC 438, 20 R. C. L. 878, Nelson v. Matsch, 38 Utah, 122, 110 Pacific 865; Tennant v. Dunlop,97 Va. 234; Brooks v. Martin, 2 Wall. (U.S.), 70 17 L.Ed. 732; Bloom v. Lofgren, 64 Minn. 1, 65 N.W. 960; Caldwell v. Davis, 10 Col. 481, 3 Am. S. R. 599.
The evidence shows conclusively that Mr. Fuller did not recognize the above stated rule and that he acted contrary to such rule.
Mr. Fuller was not, under his contract agreement, bound to turn over to the partnership the property which he purchased, but when he elected to turn the property into the partnership he then became legally and morally bound by the terms of the partnership agreement as to such property; and his partner became vested with the right to enforce, in a court of equity, the terms of that agreement as to such property; and his interest in the property will be determined according to the terms of the partnership agreement.
After careful consideration of the record we observe *Page 181 
only one material error. In the findings of the Court the following adjudication appears:
"And does further find and decree that the Complainant is entitled to have the defendants execute and deliver to him a good and sufficient deed of conveyance vesting in complainant his heirs and assigns an undivided one-half interest in the whole of the land described in the 5th paragraph of the said amended bill of complaint exclusive of the buildings and other improvements now situate thereon."
Following this finding the Final Decree contains the following language and provisions, to-wit:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Complainant W. B. Pierce, is the owner in fee simple of an undivided one-half interest in the land mentioned in the Fifth paragraph of said Amended Bill, described as Lot Seven (7) of Block Thirteen (13) of Pompano Beach, as shown by recorded plat in the office of the Clerk of the Circuit Court of Broward County, Florida, said Pompano Beach being a subdivision of Government Lot Two (2) in Section Thirty-one (31) of Township Forty-eight (48) South, Range Forty-three East, situate in Broward County, Florida, exclusive of any and all buildings and other structures now situate on said property, and that the defendant, Roy J. Fuller is the owner in fee simple of the other undivided one-half interest in said property and the sole owner of all buildings and other structures now situate thereon.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the description contained in the deed from Roy J. Fuller and Bernese Fuller, his wife to the Complainant, W. B. Pierce in which deed the said defendants conveyed to the complainant an undivided one-half interest in the South One Hundred (100) feet of the land *Page 182 
above described, be and the same is hereby corrected and reformed so as to omit from said description the words 'South One Hundred feet of, and the defendants Roy J. Fuller and Bernese Fuller, his wife and all persons claiming or to hereafter claim by, through or under them subsequent to the institution of this suit are hereby forever barred and estopped from claiming or asserting any right, title or interest in any part of said lot Seven (7) of Block Thirteen (13) of Pompano Beach, greater than an undivided one-half interest in the whole of said lot as against the complainant and those claiming or to hereafter claim by, through or under him, and said defendants are hereby ordered and directed within ten (10) days after the entry of this decree to make, execute and deliver to the complainant a good and sufficient deed conveying to complainant, his heirs and assigns, an undivided one-half interest in all of said Lot Seven (7) of Block Thirteen (13) of Pompano Beach, except the South One Hundred (100) feet thereof, exclusive of the buildings and structures aforesaid, and in the event of the failure or refusal of said defendants so to do, that this decree operates as and have the full force and effect of such conveyance."
This finding and that part of the decree based thereon appears to be error.
The evidence shows that this lot was owned by Fuller prior to the partnership agreement and that he offered to sell Pierce an interest in the lot or lots. The evidence is conflicting as to what was intended to be conveyed, but our conclusion is that the probative force of the evidence shows that it was not the intention of Fuller at any time to convey that part of the lot on which their home was then located. It appears that Mrs. Fuller was not a party to the transaction until it came to the signing of the deed; she then joined her husband in the conveyance of the south one hundred *Page 183 
(100) feet of the lot. The evidence does not show that she at any time agreed or in any manner bound herself to convey that other part of the lot which was then the homestead, and we find no state of facts which will warrant a decree compelling the conveyance of the remainder of this lot.
We cannot say that the Chancellor was not warranted in the remainder of the conclusions which he reached, nor that he did not have then before him sufficient facts to constitute a substantial basis for the remainder of the final decree.
That part of the decree as follows:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Complainant W. B. Pierce, is the owner in fee simple of an undivided one-half interest in the land mentioned in the Fifth paragraph of said Amended Bill, described as Lot Seven (7) of Block Thirteen (13) of Pompano Beach, as shown by recorded plat in the office of the Clerk of the Circuit Court of Broward County, Florida, said Pompano Beach being a subdivision of Government Lot Two (2) in Section Thirty-one (31) of Township Forty-eight (48) South, Range Forty-three East, situate in Broward County, Florida, exclusive of any and all buildings and other structures now situate on said property, and that the defendant, Roy J. Fuller, is the owner in fee simple of the other undivided one-half interest in said property and the sole owner of all buildings and other structures now situate thereon.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the description contained in the deed from Roy J. Fuller and Bernese Fuller, his wife to the Complainant, W. B. Pierce in which deed the said defendants conveyed to the complainant an undivided one-half interest in the South One Hundred (100) feet of the land last above *Page 184 
described, be and the same is hereby corrected and reformed so as to omit from said description the words 'South One Hundred (100) feet of,' and the defendants Roy J. Fuller and Bernese Fuller, his wife and all persons claiming or to hereafter claim by, through or under them subsequent to the institution of this suit are hereby forever barred and estopped from claiming or asserting any right, title or interest in any part of said Lot Seven (7) of Block Thirteen. (13) of Pompano Beach, greater than an undivided one-half interest in the whole of said lot as against the complainant and those claiming or to hereafter claim by, through or under him, and said defendants are hereby ordered and directed within ten (10) days after the entry of this decree to make, execute and deliver to the complainant a good and sufficient deed conveying to complainant, his heirs and assigns, an undivided one-half interest in all of said Lot Seven (7) of Block Thirteen (13) of Pompano Beach, except the South One Hundred (100) feet thereof, exclusive of the buildings and structures aforesaid, and in the event of the failure or refusal of said defendants so to do, that this decree operates as and have the full force and effect of such conveyance," is hereby reversed with directions to enter a supplemental decree adjudging and decreeing that W. B. Pierce is the owner in fee simple of an undivided one-half interest in the South One Hundred (100) feet of Lot Seven (7) of Block Thirteen (13) of Pompano Beach, being a subdivision of Government Lot Two (2) in Section Thirty-one (31) Township Forty-eight (48) South, Range Forty-three (43) East, in Broward County, Florida, and that Roy J. Fuller is the owner in fee simple of the remaining undivided one-half interest in said lot.
All other matters and things in the Final Decree contained are hereby affirmed. The cost of this appeal shall *Page 185 
be taxed one-half against the appellant and one half against the appellee.
Reversed in part and affirmed as to the remainder.
WHITFIELD, P. J., AND TERRELL, J., concur.
BROWN, C. J., AND ELLIS, J., concur in the opinion.